IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31281
USDC No. 97-CV-2123
_____

TERRY MICHAEL JOHNSON,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

- - - - - - - - - -

Appeal from the United States District Court
for the Western District of Louisiana
- - - - - - - - - -

May 31, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Terry Michael Johnson, Louisiana prisoner No. 292732, seeks a certificate of appealability (COA) to appeal the district court's dismissal of certain of his 28 U.S.C. § 2254 claims without prejudice for failure to exhaust state remedies and of other claims as time-barred under 28 U.S.C. § 2244(d)(1). COA is GRANTED and the case is VACATED AND REMANDED to the district court for further proceedings consistent with this opinion.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The partial state records filed in this case are inadequate to support the district court's assumption that Johnson has not exhausted his state remedies with regard to his claims of an illegal arrest and insufficient evidence. See Magouirk v. Phillips, 144 F.3d 348, 362-63 (5th Cir. 1998). Additionally, the district court did not address Johnson's assertion, supported by documentary evidence in the record, that the limitations period was tolled by a state habeas application which was pending from April 1996 until March 14, 1997. See 28 U.S.C. § 2244(d)(2).

On remand, after obtaining all of Johnson's relevant state-court records, the district court should first address whether the limitations period was tolled by the pendency of Johnson's state habeas application or whether Johnson's federal habeas claims are time-barred. If the court determines that Johnson's federal habeas application was timely, it should then address whether Johnson's application contains both exhausted and unexhausted claims. If the district court determines that Johnson's application is not time-barred, but that some of his claims are unexhausted, it should address whether the unexhausted claims are "technically exhausted" because they are procedurally barred under state law and, thus, subject to federal review under the standards applicable to procedurally defaulted claims. See Jones v. Jones, 163 F.3d 285, 296 (5th Cir. 1998). If the court determines that Johnson's application contains both exhausted and unexhausted claims, Johnson should be afforded an opportunity to amend his application to present only his claims which are

exhausted before his application is dismissed for failure to exhaust state remedies.  <u>Rose v. Lundy</u>, 455 U.S. 509, 5518-33 (1982).

COA GRANTED; VACATED AND REMANDED.